## In re Fleck

*Walter R. Sohn*, for Catholic Charities.
*Paul J. Smith*, for Samuel W. Fleck.

WOODSIDE, J., June 1, 1948.—This case originally came before the juvenile court upon petition of Rev. Paul E. Adair, Director of Catholic Charities of Harrisburg, to have the four children in question declared neglected. The evidence presented at that time showed that the father had been called away from his home to enter the military service of the United States and

that the mother had become unfit to look after the children by virtue of which they had become neglected. The court ordered that the children be placed under the care and guardianship of the managers of the Catholic Charities of Harrisburg, Pa.

After the war the father was discharged from the military service. On July 11, 1946, he obtained a divorce from his wife on the ground of indignities, remarried on April 14, 1947, and on December 15, 1947, petitioned the court to return custody of the four children to him. At the hearing it was not denied that the father was earning $350 per month and was financially able to look after the children, that he and his new wife were of good moral character, that satisfactory living quarters for the children had been provided by him for the care of the children, and that he and his new wife were qualified, able and willing to assume and exercise custody over the children.

The evidence indicated the mother is still unfit to look after the children. The Catholic Charities, which has custody of the children, refused to surrender them without a court order and appeared at the hearing with the request that no such order be made except upon condition that the father agree to raise the children in the Catholic faith.

The mother is a Catholic and before her marriage to the father both agreed to raise any children they might have in the Catholic faith. After his divorce the father returned to the Protestant faith which he had embraced before his first marriage. The father insists upon his unconditional right to his children.

The father never wilfully neglected his children. They became neglected under circumstances he was helpless to prevent. At the hearing in juvenile court when the children were declared neglected the judge told the father, who had obtained a furlough to be present at the hearing, that upon his return from the

military service and the reëstablishment of a home the children would be returned to him.

Although once the jurisdiction of the court attaches to a child the court may continue that jurisdiction until the child is 21 years of age, it does not follow that the court must continue supervision until that time. Indeed if the cause of the neglect is temporary, and the parents or either of them are able and willing to remove all cause of neglect, the court should not continue its supervision over the children.

If this were a habeas corpus action we would consider the religion of the children and the parties seeking custody as we did in the case of Commonwealth ex rel. Roland v. Hankee, 58 Dauph. 271 (1947) and many others, but this is the petition of a father for the return of his children who became neglected only because his government took him away from his children.

It would be in violation of the spirit and intent of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, and every act of Congress and of the Pennsylvania Legislature on the subject as well as numerous holdings of the courts for us to rule that by the father's service to his country he has lost rights to his children which he would not have lost except for such military service.

To most men there is no more cherished right than the right of custody and control of their own children. The right may be forfeited or limited by neglect, but in this case the father did not neglect the children and not having neglected the children he is entitled to the absolute custody of his children without any conditions being imposed upon him, except such as are imposed upon all parents by law.

And now, June 1, 1948, the custody of Virginia Fleck, Samuel Fleck, Jr., Nancy Fleck and James Fleck is returned to their father Samuel W. Fleck and the charge of neglect is dismissed.